IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  				Case Nos.:	4:10cr70/RH/CAS
					4:12cv424/RH/CAS
MARCUS KNIGHT,

     Defendant.
_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 119).  The Government filed a response (doc. 125) and Defendant filed a motion to amend, which the court accepted as a reply to the Government's response. (Docs. 127, 128).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

Defendant was charged in a two count indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine. (Doc. 1).[2] The Government filed notice of its intent to seek enhanced penalties based on Defendant's prior felony drug offenses. (Doc. 8). Defendant proceeded to trial, represented by appointed counsel Gary Lee Printy. The jury returned a verdict of guilty with respect to the conspiracy but was unable to reach agreement as to whether the conspiracy involved 500 grams or more of cocaine. (*See* doc. 73 at 2–6; doc. 29). Before the court called the jury back into the courtroom, Defendant agreed to accept the jury's verdict on guilt or innocence and that the court would declare a hung jury on the question of amount. (Doc. 73 at 3). The Government indicated its intent to retry the question of amount (*id.* at 206), but later filed an unopposed motion for miscellaneous relief in which it requested that Defendant be adjudicated guilty, the court reconsider the issue of detention, and the matter be set for sentencing. (Doc. 27). Defendant was taken into custody. (Doc. 33).

A Pre-sentence Investigation Report (PSR) was prepared in anticipation of sentencing. (*See* docs. 46, 51). In the final version of the PSR, Defendant was held accountable for 686.9 kilograms of marijuana equivalent for a base offense level of 28, which was also his total offense level. (Doc. 51, PSR ¶¶ 24, 32). Defendant had

---

[1]Detailed statements of facts describing the offense conduct are set forth in the Pre-sentence Investigation Report (doc. 51) and will be set forth herein only as necessary.

[2]Co-Defendant Shane Jones was also charged in a substantive count of possession with intent to distribute five (5) grams or more of cocaine base

twenty-one criminal history points, and thus a criminal history category of VI. (*Id.* at ¶ 53). The applicable guidelines range was 140 to 175 months imprisonment. The defense objected to the quantity of drugs attributed to him, and to the use of post-arrest statements made while he was under the influence of drugs to assess greater culpability. (*Id.* at ¶ 92). The defense also objected to the probation officer's decision not to award credit for acceptance of responsibility. (*Id.* at ¶ 94).

At sentencing, the defense also raised an untimely objection to inclusion of one of Defendant's convictions in his criminal history, as well as other criminal history calculations. (Doc. 74 at 5, 12–14). After hearing argument from counsel on the issue of drug quantity, the court reduced the amount of drugs attributed to Defendant, thus lowering his base offense level by two levels. (*Id.* at 18–29). The court sustained an objection to the inclusion of one of Defendant's convictions in his criminal history calculation, overruled objections to the inclusion of seven others, and declined to rule on one, as the record was incomplete and inclusion of the conviction had no impact on Defendant's criminal history category. (*Id.* at 30). The revised guidelines range was 120 to 150 months. (*Id.*). The court imposed a sentence of 120 months, at the low end of the applicable range.

Defendant appealed, challenging the district court's decision not to award a two-level reduction for acceptance of responsibility, and the Eleventh Circuit affirmed. (Doc. 111). The Supreme Court of the United States denied his petition for a writ of certiorari on January 30, 2012. (Doc. 114).

Defendant's § 2255 motion was timely filed pursuant to the prison mailbox rule on August 15, 2012.³ Defendant separates his claims into four grounds for relief. Three of his claims are substantive claims, which, individually, would be subject to a procedural bar. However, in Defendant's final claim he alleges that counsel was constitutionally ineffective for his failure to pursue these issues. Defendant's claims will therefore be discussed in the order presented as separate claims of ineffective assistance of counsel. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Legal Standards

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v.

---

³The Government's assertion that Petitioner's claims are untimely is in error. (Doc. 125 at 25).

Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a

section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "The likelihood of a different result must be

substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551,

1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate

statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Ground One

Defendant contends that counsel was constitutionally ineffective because he failed to object to the "constructive amendment" of the indictment.  Defendant claims that because he was convicted of a less than the quantity of drugs charged in the indictment, i.e., a lesser included offense, the indictment was constructively amended.

"A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." United States v. Sanders, 668 F.3d 1298, 1309 (11th Cir. 2012) (quoting United States v. Starke, 62 F.3d 1374, 1380 (11th Cir.1995) (quotation marks omitted)).  Because the specific amount and type of drugs are not elements of the offense, the Government's failure to prove the amount or type charged in the indictment does not render a conviction constitutionally unsound.  Id. (citing United States v. Baker, 432 F.3d 1189, 1233 (11th Cir. 2005); United States v. Mejia, 97 F.3d 1391, 1392–93 (11th Cir. 1996); United States v. Gomez, 905 F.2d 1513, 1514–15 (11th Cir. 1990)).  The application of an enhanced statutory penalty depends upon the jury's finding of the quantity and type of drug involved in the overall conspiracy.  Id. (citing United States v. Sanchez, 269 F.3d 1250, 1270 (11th Cir. 2001)).  In Defendant's case, the jury unanimously agreed that Defendant was guilty of conspiracy.  However, because it did not agree that Defendant should be held accountable for 500 grams or more of cocaine, Defendant avoided the application of the enhanced statutory penalties.  He asserts in his reply that because there was no specific finding with respect to drug amount, the court was limited to the

sentences set forth in 28 U.S.C. § 841(b)(1)(C). This section provides for a sentence of "not more than 20 years" absent certain enumerated circumstances. Defendant's sentence of 120 months was well within this limit. There was no constructive amendment of the indictment, and counsel was not constitutionally ineffective for his failure to pose a meritless objection. *See* Freeman, 536 F.3d at 1233; Sneed, 496 F. App'x at 27; Lattimore, 345 F. App'x at 508; Brownlee, 306 F.3d at 1066. Defendant is not entitled to relief.

### Ground Two

Defendant next argues that counsel was constitutionally ineffective because he did not argue that Defendant should be given the benefit of the Fair Sentencing Act of 2010 and Amendment 750 to the Sentencing Guidelines. As noted by the Government, Defendant was sentenced in accordance with the Sentencing Guidelines that were in effect at the time of his sentencing. This argument for retroactive application of the guidelines amendment is more properly addressed via a motion for relief pursuant to 18 U.S.C. § 3582(c), which Defendant had already filed before filing the instant § 2255 motion. (Docs. 115–118). In Defendant's response, he indicates that he will "await the outcome of his § 3582 motion." (Doc. 127 at 6). The district court denied Defendant's § 3582 motions (*see* doc. 126), and no relief is warranted on this claim.

### Ground Three

In his third ground for relief, Defendant contends counsel was constitutionally ineffective because he failed to present argument about prior offenses used to calculate Defendant's Criminal History Category and sentencing guideline range. Although

Defendant provided no factual support in support of his claim in his initial motion, in his response, he identifies the ten offenses listed in paragraphs 36,[4] 39, 41, 43, 44, 45, 46, 48, 49 and 50 of the PSR as those that should not have been assessed points and counted towards his Criminal History Category. Contrary to Defendant's suggestion, counsel did present argument with respect to his criminal history at sentencing, and he has shown neither court error or ineffective assistance of counsel with respect to each of the listed convictions.

Defendant first contends that the offense listed in paragraph 36 of the PSR should not have been counted due to its age. Counsel successfully raised this objection at sentencing, and the court did not consider these criminal history points in its calculation. (Doc. 74 at 30).

Next, the record reflects that counsel raised, and the court overruled, objections to the assessment of points for the offenses listed in paragraphs 41, 43, 44, 45, 46, 48 and 49 of the PSR. (Doc. 74 at 30). To the extent Defendant claims court error, he is mistaken. Contrary to Defendant's assertion, § 4A1.2(c) of the guidelines provides that sentences for misdemeanor offenses are included in the calculation of a defendant's Criminal History Category, with certain limited exceptions. For instance, if a misdemeanor offense is identified on an enumerated list, it may be counted only if the sentence imposed for that offense was a term of probation of more than one year or a term of imprisonment of at least thirty days. U.S.S.G. § 4A1.2(c)(1). Certain other enumerated minor misdemeanor offenses are excluded entirely. U.S.S.G.

---

[4] Defendant identifies paragraph 26 in his motion, which is clearly a scrivener's error.

§ 4A1.2(c)(2). None of the offenses that Defendant now claims should not have been counted appear on the latter list, and in each instance, the sentence imposed was either over one year of probation or over 30 days in custody. The court's rulings were correct, and counsel was not constitutionally ineffective because his objection was unsuccessful in the face of the clear language of the Sentencing Guidelines.

Defendant also claims he should not have been assessed two criminal history points for the conviction in paragraph 50 of the PSR. It does not appear that the court specifically addressed this prior conviction at sentencing. However, the conviction was properly counted as the PSR reflects that Defendant was sentenced to a term of 183 days custody in that case.

Finally, Defendant claims that he should not have received one criminal history point for the conviction in paragraph 39, because the individual convicted in this case was not him, but his brother. Even if the point for this conviction were eliminated, Defendant still had seventeen criminal history points, well in excess of the thirteen points needed to assign him a Criminal History Category of VI. Therefore, in lieu of continuing the proceedings so that the parties could gather evidence concerning the identity of the individual convicted in this offense, the court opted to make no ruling on this objection because it would not have impacted Defendant's sentence in any respect. (Doc. 74 at 30). Counsel was not constitutionally ineffective for not pursuing this objection. Because even a favorable ruling would not have inured to Defendant's benefit, Defendant cannot show prejudice.

In sum, Defendant has not shown that counsel's performance at sentencing was constitutionally deficient in any respect, and he is not entitled to relief on this claim.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 119) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 31st day of March, 2015.

/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).